DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant David Greathouse has appealed from a judgment of the Summit County Common Pleas Court, Juvenile Division, that modified his obligation to pay child support for his minor child. We reverse and remand for a new hearing on whether the child support obligation should be modified.
Greathouse and Jodi Pozna are the parents of a son born on July 27, 1989. The parents were each married at the time, but not to each other. Once it was determined that Pozna's then-husband was not the father of her child, Greathouse was alleged to be the father. Following DNA testing, he admitted paternity. On June 30, 1994, pursuant to an agreed judgment, Greathouse was ordered to pay $320 per month as child support. Although not mentioned in the judgment entry, the parties do not dispute that $320 was $100 less than the guideline figure, but that Pozna agreed to accept a reduced amount of child support in exchange for Greathouse's promise to regularly visit the child.
In July of 1995, Pozna moved the trial court to increase the child support award because Greathouse allegedly was not visiting the child as he had promised. Following a hearing, which Greathouse did not attend, the magistrate found that Greathouse had not been visiting the child and recommended that the child support award be increased to $420 per month. The trial court adopted the magistrate's findings and recommendations on January 16, 1996.
On February 5, 1996, Greathouse moved the trial court for relief from judgment pursuant to Civ.R. 60(B). He claimed that he had never received notice of the hearing before the magistrate. He asserted that he did not know anything about Pozna's request to increase child support until he learned from the child support enforcement agency that his child support obligation had been increased.
On August 22, 1996, a hearing was held before a magistrate on Greathouse's motion. Pozna was not present at this hearing. The magistrate found that Greathouse had been visiting the child and recommended that the January 16 order be vacated and that the child support obligation of $320 be reimposed. On December 26, 1996, apparently inadvertently, the trial court adopted this recommendation.
On December 27, 1996, the trial court indicated that its December 26 entry was "in error" because "[a] magistrate cannot set aside a court order." The trial court rescheduled a hearing, to be held before the trial judge, on the motion to vacate the January 16, 1996, judgment. Following a hearing before a judge on February 25, 1997, the trial court ordered that Greathouse's child support obligation be increased to $532.03 per month.
Greathouse appeals and assigns the following as error:
 I. THE TRIAL COURT ERRED BY FAILING TO GIVE APPELLANT ADEQUATE NOTICE THAT IT INTENDED TO CONDUCT A HEARING TO MODIFY APPELLANT'S CHILD SUPPORT OBLIGATION IN VIOLATION OF APPELLANT'S RIGHTS UNDER R.C. 3113.21 AND THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION.
 II. THE TRIAL COURT ERRED IN ORDERING APPELLANT TO PAY CHILD SUPPORT IN THE AMOUNT OF $532.03 PER MONTH, PLUS 2% POUNDAGE, AS THE EVIDENCE INTRODUCED AT THE FEBRUARY 25, 1997 HEARING DID NOT SUPPORT SUCH A FINDING.
Greathouse's first assignment of error is that he did not receive notice of the January 9, 1996, hearing before the magistrate that led to the January 16, 1996, order that increased his child support obligation from $320 to $420 per month. Greathouse did not timely appeal from that final order. Because the propriety of the January 16, 1996, order is not before us, we cannot evaluate the merit of this alleged error. Moreover, the alleged due process problem was cured by the court. Because the court found that Greathouse had not received notice of the January 9, 1996, hearing, it re-litigated the issue at a new hearing on February 25, 1997. Both Greathouse and Pozna were present at that hearing and were given the opportunity to be heard. The first assignment of error is overruled.
Greathouse's second assignment of error is that the trial court's decision to increase child support to $532.03 per month was not supported by the evidence at trial. We agree.
This matter was originally before the trial court on Pozna's motion to increase child support from $320 to $420 because, according to Pozna, Greathouse was not visiting his child. She, therefore, felt that she was entitled to the full $420 monthly child support, which the parties do not dispute was the appropriate figure under the basic child support schedule. Pozna did not indicate that she had incurred additional child care expenses or that there had been any "change of circumstance" other than Greathouse's alleged failure to visit his child. After child support was increased pursuant to Pozna's request, the matter was re-litigated because Greathouse had not been given notice or an opportunity to be heard.
On February 25, 1997, the trial court held an informal hearing, at which the parties presented only their own testimony as to what their circumstances were. Pozna did not mention that she had incurred child care expenses or out-of-pocket health insurance costs that warranted a further increase in child support. It was not until nearly two months after the hearing that the child support enforcement agency presented the court with child support worksheets that indicated for the first time, without any documentary support, that Pozna had an annual child care expense of over $3,000 and that she had incurred over $430 in out-of-pocket expenses for health insurance.
The new evidence of Pozna's child care and health insurance expenses was considered by the trial court and led to an increase in the child support award. Greathouse was given no notice that this issue was even before the court, nor was he given the opportunity to respond to it. His child support obligation was, therefore, increased in violation of his right to due process. The matter is reversed and remanded for a new hearing at which Greathouse will have the opportunity to be heard on this issue.
Because over a year has passed since the prior hearing, and because the trial court failed to comply with the evidentiary requirements of R.C. 3113.21.5 at that hearing, the court should not view the issue of child care and health insurance expenses in isolation, but should re-litigate the entire issue of modification of child support. At the prior hearing, the trial court accepted the parties' testimony as proof of their incomes, contrary to the terms of R.C. 3113.21.5(B)(5)(a), which requires the parties to verify their incomes with suitable documentation. Although not mandated by the statute, it would also be good practice to require the parties to present documentation of child care expenses and out-of-pocket costs for health insurance.
The second assignment of error is sustained.
Judgment reversed and the cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
 Exceptions. _______________________________ JOHN R. MILLIGAN
FOR THE COURT
BAIRD, P. J.
REECE, J.
CONCUR.
(Milligan, J., retired Judge of the Fifth District Court of Appeals, sitting by assignment pursuant to Article IV, § 6(C), Constitution.)